# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DOUGLAS DASEAN LOGAN,** : | |
| : | |
| **Plaintiff,** : | |
| v. : | Case No. 5:24-cv-478-TES-CHW |
| : | |
| **WARDEN CHARLES MIMS,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Douglas Dasean Logan, an inmate currently incarcerated at the Wilcox State Prison in Abbeville, Georgia (ECF No. 1).[1] Plaintiff has also filed a prisoner trust fund account statement that the Court will liberally construe as a motion for leave to proceed *in forma pauperis* in this action (ECF No. 2). For the following reasons, Plaintiff may proceed *in forma pauperis*, but Plaintiff is **ORDERED** to recast the Complaint on the Court's standard form to provide the Court with additional information about her claims if she wishes to proceed with this action.

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff has not paid the filing fee in this case but has filed a certified copy of her prison trust fund account information. The Court thus presumes Plaintiff is seeking leave

---

[1] Although Plaintiff has a traditionally male name and is housed in a male detention facility, Plaintiff identifies in the Complaint as a transgender female. This order therefore refers to Plaintiff with feminine pronouns.

to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions indicate that she cannot now pay the filing fee. She will therefore be permitted to proceed *in forma pauperis* in this case.

However, even if a prisoner is allowed to proceed *in forma pauperis*, she must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, she must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that she is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that her complaint be filed and that she be allowed to proceed without paying an initial partial filing fee.

## I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to her prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein Plaintiff is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this

Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## II.     Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that her release from incarceration/detention does not release her from her obligation to pay the installments incurred while she was in custody. Plaintiff remains obligated to pay those installments justified by the income in her prisoner trust account while she was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if she is able to make payments but fails to do so or if she otherwise fails to comply with the provisions of the PLRA.

## ORDER TO SUPPLEMENT OR AMEND

Because Plaintiff is a prisoner who is proceeding *in forma pauperis* in this action, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915A and § 1915(e), which

require the Court to review every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. § 1915(e).

Plaintiff's claims arise from her incarceration at the Wilcox State Prison ("WSP"). ECF No. 1 at 5. According to the Complaint, Plaintiff is a transgender inmate, and prison officials have not been providing her with appropriate undergarments. *Id.* Plaintiff also states she "should never be in a 3-man or 2-man room with female characteristic[s] and attributes," although it is unclear whether Plaintiff is currently housed in such a room. *Id.* Plaintiff contends, "I am constantly uncomfortable around inmates due to I considermyself as a female and act like a female." *Id.* Plaintiff also attaches several pages of documents to the Complaint which suggest she is not receiving hormones or appropriate medical treatment for other conditions. *See generally* ECF No. 1-1.

Plaintiff names as Defendants in this case WSP Warden Charles Mims; Grievance Coordinator Jennifer Leanne Wilson; and Georgia Department of Corrections Southwest Regional Director Jermaine White. ECF No. 1 at 1. Plaintiff contends these Defendants have violated her constitutional rights, and as a result she "want[s] to exercise all of my right[s] according to policy SOP 220.03 Classification Committee and 220.09 Classification and Management of transgender and intersex offender[s]." *Id.* at 6.

The allegations in the Complaint suggest Plaintiff intends to raise two different

4

types of claims.  First, Plaintiff appears to contend that Defendants have failed to provide her with adequate medical treatment.  A prisoner who demonstrates that a prison official was deliberately indifferent to her serious medical needs can state a claim under the Eighth Amendment to the United States Constitution.  *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  To do so, a plaintiff must allege facts sufficient to establish: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury."  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

The first element is objective and requires a plaintiff to set forth a "serious medical need," which is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted).  A serious medical need can also arise if "a delay in treating the need worsens the condition."  *Mann*, 588 F.3d at 1307.

To establish deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'"  *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (quoting *Farmer*, 411 U.S. at 839).  Subjective awareness requires that the defendant "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611,

617 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837). To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255.

The final element simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007). "[A]s with any tort claim, [plaintiff] must show that the injury was caused by the defendant's wrongful conduct." *Id.* at 1326. "Causation, of course, can be shown by personal participation in the constitutional violation." *Id.* at 1327.

A gender identity disorder can certainly constitute a serious medical need. *See Kothmann v. Rosario*, 558 F. App'x 907, 911 (11th Cir. 2014) (per curiam) (allegations that physician "knew that hormone treatment was the recognized, accepted, and medically necessary treatment for [plaintiff's gender identity disorder], yet knowingly refused [plaintiff's] repeated requests for such treatment and thus was deliberately indifferent to a serious medical need" stated a "facially plausible" claim). In this case, however, Plaintiff does not explain whether she has been formally diagnosed with a gender identify disorder. Plaintiff also fails to identify what treatment she requires that she is not receiving or to plead facts sufficient to show that each named Defendant was deliberately indifferent to her condition. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation); *see also Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir.

1993) (holding that two defendants who were not medical professionals could not be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor"). In other words, Plaintiff has not shown how each of the three named Defendants in this case subjectively knew about Plaintiff's medical needs, disregarded those needs, and knew that his or her failure to act placed Plaintiff at substantial risk of serious harm.

Plaintiff could also be alleging that Defendants were deliberately indifferent to her safety. Such claims also arise under the Eighth Amendment. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner asserting this type of Eighth Amendment claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). In this context, the subjective component of deliberate indifference also requires a showing that a prison official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw the inference." *Marbury v. Warden*, 936 F.3d 1227, 1234 (11th Cir. 2019) (alteration in original) (quoting *Rodriguez v. Sec'y of Dep't of Corrs.*, 508 F.3d 611, 617 (11th Cir. 2007)). This standard requires that the prison official have "more than a generalized awareness of risk" to the prisoner. *Id.* at 1234 (quoting *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1101-02 (11th Cir. 2014)). A plaintiff can meet this standard this by pleading facts showing "that he was in an environment so beset by violence that confinement, by its nature, threatened him with the substantial risk of serious harm" or by providing prison officials

with details about a specific threat sufficient "to enable them to conclude that it presents a 'strong likelihood' of injury, not a 'mere possibility.'" *Id.* at 1235-36 (quoting *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015)). The objective component requires the prisoner to allege facts establishing that the prison official objectively "responded to the known risk in an unreasonable manner, in that he or she knew of ways to reduce the harm but knowingly or recklessly declined to act." *Id.* at 1234-35 (internal quotation marks omitted). Plaintiff's vague statements that she "should never be in a 3-man or 2-man room" and that she is "constantly uncomfortable" are not sufficient, standing alone, to meet this standard. ECF No. 1 at 5; *see also Smith v. Owens*, 625 F. App'x 924, 927 (11th Cir. 2015) (affirming dismissal of deliberate indifference claims where inmate made only "conclusory allegations" and failed to "support[] his complaint with specific factual assertions").

Because Plaintiff is acting *pro se*, the Court will give her an opportunity to address these deficiencies. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend [her] complaint instead of dismissing it."). If Plaintiff wishes to pursue her claims, then she is **ORDERED** to recast her Complaint on one of the Court's standard forms within **FOURTEEN (14) DAYS** of the date of this Order. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the

individuals associated with the claim or related claims that she is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of her constitutional rights.

When drafting her statement of claims on the Court's form, it is recommended that Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief do you seek from this defendant?

Plaintiff should state her claims as simply as possible referring only to the relevant allegations against the named defendants in this case; she should not attach supporting documents to her recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in her recast

complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of her recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to file a recast complaint is not an invitation for her to include every imaginable claim that she may have against any state official. Plaintiff will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure. Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether she has pursued grievances and exhausted her administrative remedies, or she risks dismissal of this case.

**The recast complaint will supersede (take the place of) the original Complaint filed in this case. Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limitation <u>includes</u> (and is not in addition to) the pre-printed pages of the Court's standard form. **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.**

Accordingly, any fact Plaintiff deems necessary to her lawsuit should be clearly stated in her recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form, marked with the case

number of the above-captioned action, to the Plaintiff that she should use to file her recast complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff may proceed *in forma pauperis* in this case, and she is **ORDERED** to recast her Complaint on the Court's standard form as directed above within **FOURTEEN (14) DAYS** of the date of this Order if she wishes to proceed with her claims. Plaintiff is further directed to immediately inform the Court in writing of any change in her mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's Complaint.** There will be no service of process in this case until further order.

**SO ORDERED**, this 25th day of February, 2025.

                                            s/ Charles H. Weigle
                                            Charles H. Weigle
                                            United States Magistrate Judge